

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00422-CR

Matthew **HOGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR13464
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed: October 21, 2020

DISMISSED

The trial court's certification in this appeal states: "[T]his criminal case is a plea-bargain case, and the defendant has NO right of appeal."

"In a plea bargain case . . . a defendant may appeal only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not reflect the

trial court gave permission to appeal and the only matters raised by written motion filed and ruled on before trial shown by the clerk's record are (1) motions regarding an investigator, (2) a motion for examination of defendant, (3) a motion for discovery, (4) a motion for State to reveal agreement, (5) a motion for witness list, (6) a motion in limine, (7) a Brady motion, (8) a motion for discovery of punishment evidence, (9) a motion for continuance, (10) a motion to withdraw as counsel, and (11) a motion to withdraw defendant's plea. *See id.*

The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). On September 11, 2020, this court issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by October 12, 2020. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certification has been filed.

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish